Texas Central Railroad Company v. T. J. Pledger.

Decided June 1, 1904.

**1.—Argument of Counsel.**

An appeal to the jury to find a verdict for plaintiff, in a case of injury to the person, from motives of sympathy, held ground for new trial or reversal.

**2.—Same—Objection.**

An objection to improper argument is sufficient, if addressed to the court, though counsel is not interrupted or notified at the time.

Appeal from the ·District Court of McLennan.  Tried below before Hon. M. Surratt.

*A. C. Prendergast, J. A. Kibler,* and *Clark & Bolinger,* for appellant.

*E. Bodell, Geo. N. Denton,* and *Baker & Thomas,* for appellee.

KEY, Associate Justice.—This is a personal injury suit resulting in a verdict and judgment for plaintiff for $9725, and the defendant prosecutes an appeal.

According to plaintiff's testimony he was employed by the defendant as a section hand, and while assisting two other employes to carry a heavy cross-tie from a push car to the place where it was to be put under the track, the section foreman ordered him and his coworkers to "heave her," thereby meaning to throw the tie down; and at the time referred to plaintiff was lifting one end of the tie and was standing in a position in which he could not drop the same, and his position was or should have been known to the foreman; and the other two workmen, on hearing the order referred to, dropped their end of the tie, which resulted in the injury complained of by the plaintiff.

There were only three eyewitnesses to the transaction who testified in the case, viz., the plaintiff Henly (another section hand who had hold of the other end of the tie) and O'Brien, the section foreman. Both O'Brien and Henley flatly contradicted the plaintiff, and testified that the order referred to was not given; and Henly, whose deposition was taken by the plaintiff, but read to the jury by the defendant, explained how the tie was dropped in a manner inconsistent with the plaintiff's theory.  The plaintiff's case rests upon the negligence charged against O'Brien, the foreman.

In the closing argument for the plaintiff, one of his attorneys used the following language:  "Take him home, Mrs. Pledger.  Go to your humble home to-night, with a verdict cold-hearted for the railroad company; help him into the house, friends and Mrs. Pledger; take off his clothes for him; tuck him in bed, good wife; lay down to-night' by his side, where you once lay with him in strength, and know that in all future there is nothing but darkness and gloom for you.  Gentlemen, I trust you will not do it; I beg of you in the name of the law as the

court will give it, in the name of the testimony of himself as against those who come to deprive him of what belongs to him, in the name of humanity, in the name of sympathy, I ask for the full amount of recovery in this case.

"And will you by your verdict, after the railroad has crippled up, wrecked and ruined the plaintiff, and made him a hopeless cripple for life, add further to his injuries by sending him home empty handed to die, and by putting the brand of perjury on his brow as he sinks into the grave."

Appellant objected to this argument at the time upon the ground that it was improper, not justified by the record, inflammatory, and calculated to unduly influence the minds of the jury to the prejudice of appellant. The objection was made to the presiding judge, and without the knowledge of the attorney making the argument. The court overruled appellant's objection and did not restrain counsel who made the argument, or instruct the jury to disregard the same. The bill of exception shows that the argument was made on Saturday evening, and the case was not submitted to the jury until the following Monday morning, and the verdict not returned until the next day, but we do not regard those facts as of any importance. The argument referred to was improper, and the objection to it should have been sustained and proper steps taken by the judge to prevent the jury from being influenced thereby. It was the duty of the jury to decide the case solely by the law and the testimony; by the first as contained in the charge of the court, and by the latter as placed before them by the witnesses, and they had no more right to decide the case upon considerations of humanity or sympathy than by casting lots or upon considerations of prejudice or hostility to the defendant. Chicago R. I. & T. Ry. Co. v. Langston, 92 Texas, 709; Hanna v. Gulf C. & S. F. Ry. Co., 27 Texas, Civ. App., 492, and cases there cited.

In the Hanna case this court collated a long list of authorities condemning such argument, and the rule is well settled that all such arguments which appeal to the jury to render a verdict for the party making the appeal, regardless of the testimony, constitute grounds for reversal when objected to at the time, unless it appears that no injury has resulted from such improper argument. This case does not come within the exception to the general rule referred to, and therefore the judgment must be reversed. It was not necessary for defendant's counsel to interrupt the argument. Timely objection was made to the presiding judge, and exception taken to his ruling thereon. This constituted sufficient diligence. In Gulf C. & S. F. Ry. Co. v. Hockaday, 14 Texas Civ. App., 620, relied on by appellee, the objection to the argument was not made during the trial, and was first presented in the motion for new trial.

The charge of the court told the jury that if they found certain facts to exist to return a verdict for the plaintiff, and did not require a specific finding that the facts referred to constituted negligence, and

for this reason appellant complains of the charge. The omission referred to was doubtless an oversight on the part of the trial judge, and no doubt the question referred to will be eliminated upon another trial. Therefore we deem it unnecessary to determine whether or not the contention by appellee that the facts which the charge required the jury to find would establish negligence as a matter of law, is correct.

For the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*