## REVERRA–FEWELL UNDERTAKING CO. v. JAMES. (No. 3629.)

Court of Civil Appeals of Texas. Texarkana. Jan. 18, 1929.

Keeney & Dalby, of Texarkana, for appellant.

King, Mahaffey & Wheeler, of Texarkana, for appellee.

HODGES, J. The appellee, James, sued the appellant to recover damages resulting from a collision between his car and an ambulance belonging to the appellant. The collision occurred at the intersection of Olive and West Fifth streets in the city of Texarkana. According to the testimony, the appellee was driving in a northerly direction on Olive street; and appellant's ambulance, driven by one of its employees, was going in a westerly direction on West Fifth street. The two vehicles came together at a point a little northeast of the center of the intersection of the two streets. As a result both vehicles were damaged.

In his original petition appellee alleged negligence on the part of the driver of the ambulance in traveling at an excessive rate of speed, failing to have his car under control when approaching the street intersection, and failing to keep a proper lookout. He sought damages in the sum of $500 for personal injuries, and $450 for injury to his car.

Appellant answered by a general demurrer, general denial, and plea of contributory negligence. It also, in a cross-complaint, asked for damages to its ambulance in the sum of $1,000.

Appellee testified that, at the time the collision occurred, rain was falling; that he was driving an open car with the curtains up, but could see through the isinglass windows. As he approached West Fifth street, going in a northerly direction on Olive street, he looked for other cars but saw none; that when a little past the center of the crossing his car was struck by the ambulance and knocked a distance of 108 feet west on West Fifth street. He further testified that he did not see the ambulance until it was within about 3 feet of his car. The ambulance swerved a little to its right, and ran against a tree standing southwest of the intersection. He further testified that as he approached the street crossing he was driving at about 10 or 12 miles per hour. There was other testimony tending to show that he was driving at a more rapid rate of speed. The driver of the ambulance testified that as he approached the street intersection he was traveling at about 15 miles per hour; that he looked, but did not see the other car till too close to avoid a collision. There was other testimony that the ambulance was going at a greater rate of speed, and that the driver was told by a companion to look out for a car coming. The surrounding conditions were such that each driver might have discovered the approach of the other had much effort been made to do so.

In their pleadings, and also in the argument, each party claimed the right of way over the street intersection. Appellee relied upon the following provision of a city ordinance adopted in 1915: "On all public streets and highways of this city all vehicles going in a northerly or southerly direction shall have the right of way over those going in an easterly or westerly direction."

Appellant relied upon the following provision of article 820k(e) of the Penal Code Complete Statutes of 1920, then in force: "Excepting where controlled by such traffic ordinances or regulations enacted by local authorities, as are permitted under this act, the operator of a vehicle approaching an intersection on the public highway shall yield the right-of-way to a vehicle approaching such intersection from the right of such first named vehicle."

Section 23 of this same act reads as follows:

"Limitations as to the rate of speed herein fixed by this act shall be exclusive of all other limitations fixed by any law of this state or of any political subdivision thereof and local authorities, cities and towns shall have no power to pass, enforce or maintain any ordinances, rules or regulations in any way in conflict with or inconsistent with the provi-

sions of this act, and no such ordinance, rules or regulations of such local authorities now in force, or hereafter enacted shall have any force excepting, however, that

"(1) Such powers as are now or may hereafter be vested in local authorities to enact ordinances or regulations applicable equally or generally to all vehicles and other users of highways, and providing for traffic or crossing officers or semaphores to bring about the orderly passage of vehicles and other users of the public highways or certain portions thereof where the traffic is heavy and continuous, and

"(2) The powers now or hereafter vested in local authorities to license and regulate the operation of vehicles offered to the public, for hire; and to regulate the use of the highways for processions and assemblages, shall remain in full force and effect and all ordinances, rules and regulations which have been or which may be hereafter enacted in pursuance of such powers, shall remain in full force and effect."

See Gammel's Laws of Texas, vol. 18, pp. 478 and 481.

The court concluded that the city ordinance controlled the rights of the parties at the time, and instructed the jury that, if both vehicles arrived at the street intersection at about the same time, appellee had the right of way. In response to special issues, the jury found the following: That the driver of the ambulance was traveling at a rate of speed in excess of 20 miles per hour; that he was negligent in failing to keep a proper lookout for other vehicles approaching the street intersection; that he was negligent in failing to have his vehicle under proper control. They further found that such negligence was the proximate cause of the collision. The court refused to submit the issue of contributory negligence on the part of the appellee. The jury assessed the damages to appellee's car at $400; no damages were allowed for personal injuries.

The action of the court in instructing the jury that appellee had the right of way, and the refusal to submit the issue of contributory negligence, are the principal questions presented in this appeal as grounds for reversal.

Counsel for appellee, in their argument supporting the judgment of the trial court, insist that there is no conflict between the ordinance and the statute. We are unable to concur in that conclusion. The statute was a later enactment, and was designed to supersede all prior traffic ordinances adopted by municipalities, except those permitted under that act. The pertinent inquiry then is: What traffic regulations did that act permit municipalities to adopt? Those permitted are to be found in subdivisions 1 and 2 of the article above quoted. Subdivision 1 allows local authorities to enact ordinances providing for traffic officers or semaphores to bring about the orderly passage of vehicles and other users of public highways where the traffic is heavy and continuous. Subdivision 2 refers to conditions and traffic regulations, which can have no application to this case. The ordinance here relied on provides for the regulation of traffic on all the streets of the city. It does not undertake to limit its provisions to crossings or streets where the traffic is heavy or continuous. It is, for that reason, we think, in conflict with the terms of the statute. There is no evidence that the crossing here involved was at a point where the traffic was heavy, and subject to such regulation as the statute permitted cities to adopt. The case of Ex parte Wilchar, 102 Tex. Cr. R. 549, 278 S. W. 850, cited by the appellee, was decided by the Court of Criminal Appeals upon a state of facts entirely different from those here involved.

We are of the opinion that the court erred in instructing the jury that the appellee had the right of way; and in refusing to submit the issue of contributory negligence. The judgment will therefore be reversed, and the case remanded for another trial.