### GULF REFINING CO. v. YOUNGBLOOD.
### (No. 12235.)

Court of Civil Appeals of Texas. Fort Worth.
Dec. 14, 1929.

Rehearing Denied Jan. 18, 1930.

Thompson & Barwise, of Fort Worth, for appellant.

Houtchens & Clark, of Fort Worth, for appellee.

BUCK, J. This suit is one for damages alleged to have been sustained by Miss Annie Youngblood. Miss Youngblood alleged on April 23, 1928, while she was traveling afoot, going east on East Leuda street, in the city of Fort Worth, and crossing Missouri avenue, and while very near, approximately within two or three feet of, the curb line of said East Leuda street, a truck operated by defendant's agent struck her and inflicted the injuries of which she complained. Plaintiff further alleged: That she was walking across said Missouri avenue in a very cautious and careful manner and keeping a proper lookout for her own safety for vehicles and automobiles coming from the south on said avenue. That one of the street cars of the Northern Texas Traction Company was stopped upon its tracks at one of its regular, usual, and customary places, for the purpose of taking on and letting off passengers, and that said place was located within a very few feet of the south curb line of East Leuda street, and while said street car was so stopped and standing and not in motion, plaintiff was walking and attempting to walk across said Missouri Avenue to the east side thereof, and while so doing, defendant's truck, coming from the south, along Missouri avenue, at a high, excessive, dangerous, and careless and negligent rate of speed of more than 25 miles per hour, struck plaintiff and knocked her down on the hard-paved streets and inflicted upon her serious bodily injuries,

for which she prayed judgment. She alleged that she received a severe blow and shock to her head, and as a result of which the organs controlling each of her ears and the ligaments, cords, nerves, tendons, and parts of said ears were badly injured and damaged, from the effects of which she suffered continuously and had constant earaches, and that she could not hear as well as before said accident, and that this condition is permanent. That as a result of said blow to her head, her sense of sight had been badly affected and injured, and her entire optic nerves, organs, cords, and eyesight generally were badly injured, and as a result of said blow she had not been able to see nearly so well as before said accident. That she received a serious blow to both her hips at the time of said accident, and by reason thereof her hip joints were dislocated and knocked out of joint and the bones thereof were fractured, and that the tendons, muscles, ligaments, etc., were badly stretched, bruised, and pulled out of their place to such an extent that she now suffers constant and continuous physical pain about her said hips and hip joints, which suffering is and will be permanent. That as a further result of said accident, her spinal column was badly twisted, wrenched, and sprained, and that she cannot walk and cannot stand, and cannot bend her back except under the most intense pain, which condition she alleged to be permanent. Various other injurious effects of the alleged injuries were set out in plaintiff's petition, and she prayed for damages in the sum of $50,000.

The defendant answered by way of a general demurrer, and a general denial, and specially pleaded that at the time and place alleged in plaintiff's petition, its truck was being driven in a careful and cautious manner without any negligence such as alleged in plaintiff's petition. The defendant further specially pleaded, by way of a trial amendment, contributory negligence on the part of plaintiff, in that the plaintiff had failed to observe the ordinances of said city of Fort Worth, in that she was not crossing Missouri avenue upon that portion of the street over which the sidewalk would extend if it were continued across said street, and that she was not walking over that portion of Missouri avenue over which the sidewalk of East Leuda street would extend if it were continued across Missouri avenue, and that she was not crossing Missouri avenue at a right angle with the curb at East Leuda street, nor at the intersection of the two streets. That plaintiff failed to observe said city ordinances then in force, and that such failure constituted negligence on her part, which caused any damages which she sustained.

The cause was submitted to a jury by the trial court upon certain special issues submitted. The court defined "ordinary care,"

"negligence," "contributory negligence," and "proximate cause." In answer to special issues submitted, the jury found: (1) That the rate of speed the truck in question was traveling at the time it struck plaintiff was 5 miles; (2) that such rate of speed was negligence on the part of the defendant; (3) that such negligence on the part of the defendant was the proximate cause of the injuries to plaintiff; (4) that the driver of the truck in approaching East Leuda street on the occasion in question did not keep such a lookout for the plaintiff as an ordinarily careful and prudent person would have done under the circumstances; (5) that such failure to keep such lookout was negligence on the part of the defendant; (6) that such negligence was a proximate cause of the injuries to plaintiff; (7) that the truck in question did not pass the street car, which was headed in a northerly direction, while said street car was taking on passengers; (8) that Miss Youngblood, immediately prior to being struck by the truck, was in a perilous condition; (9) that the driver discovered said perilous condition of Miss Youngblood immediately prior to striking her with his truck; (10) that the driver, after discovering the perilous condition of Miss Youngblood, if the jury found that he did so discover it, did not exercise ordinary care to use all the means at his command, consistent with his own safety and the safety of his truck, to avoid striking plaintiff; (11) that such failure on the part of the driver of the truck was negligence; (12) that such negligence was a proximate cause of the injuries to plaintiff; (13) that Miss Youngblood, on the occasion in question, crossed Missouri avenue at right angles with the curb of Missouri avenue; (14) that Miss Youngblood kept such a lookout for approaching vehicles as a person of ordinary prudence, judgment, and foresight would and should have kept under the same or similar circumstances; (15) that the collision in question was not the result of an unavoidable accident. In connection with this issue the court instructed the jury that: An "unavoidable accident" is one which happens without fault or negligence on the part of any person connected therewith, and which could not reasonably have been foreseen by a person exercising ordinary care, under the surrounding circumstances at the time of the accident. (16) That the driver of the truck upon the occasion did not sound any horn or gong on his approach to the intersection of East Leuda street and Missouri avenue; (17) that his failure to sound a horn or gong was negligence; (18) that such negligence was a proximate cause of the accident; (19) that $10,-000 would be required to fairly and reasonably compensate plaintiff for her injuries.

Upon this verdict of the jury, the court rendered judgment for plaintiff and against defendant in the sum of $10,000, together with interest thereon from November 22, 1928, the date of the trial, at 6 per cent. per annum. From this judgment, the defendant has appealed to this court.

### Opinion.

██ Complaint is made in the first and second propositions that the verdict and judgment are so contrary to the overwhelming weight of the credible testimony that such verdict and judgment is grossly excessive and exorbitant. The plaintiff introduced Dr. R. H. Needham and Dr. H. P. Duncan to testify as to the injuries alleged to have been inflicted on the plaintiff, and the suffering she endured, etc. The defendant introduced Dr. F. L. Snyder, Dr. W. L. Allison, and Dr. Judge M. Lyle as their medical experts. The testimony of these medical experts was sharply conflicting. The testimony of Dr. Snyder and Dr. Needham was perhaps more conflicting than that of other medical witnesses. Dr. Snyder testified, in his opinion, Miss Youngblood was a neurotic, and believed she was worse hurt than she was. In his opinion, none of her injuries were of a permanent nature. There was some controversy between plaintiff's medical experts and defendant's medical experts as to whether or not Miss Youngblood had tuberculosis as a result of the injuries alleged to have been sustained. The doctors differed considerably, as to this matter especially. But the jury were the judges of the credibility of the witnesses and of the facts proved, and it would be our duty to look to the strongest bits of evidence to sustain the verdict. Dr. Needham testified that in his judgment Miss Youngblood had suffered permanent injuries, that her eyesight had been greatly impaired, that tuberculosis had "flared up" in her system as a result of the accident, that her nerve organism had been shocked, and that this condition was permanent. On the whole, we think that there is sufficient evidence to sustain the judgment of the trial court as to the amount of the injuries Miss Youngblood sustained, and propositions 1 and 2 are overruled.

██ Proposition 3 complains of the argument of appellee's counsel about the failure of appellant to have present a witness, Mrs. M. H. Thrash. We do not find the argument so objectionable as to warrant a reversal, and, moreover, it appears from appellant's reply to appellee's brief that this proposition is waived. Appellant failed to object to this argument at the time it was made, and appellee urges that he has thereby waived his right to complain of the argument. There is in the record a bill of exceptions to this argument, approved and filed some two months after the motion for rehearing was overruled. Article 2237 of the Revised Civil Statutes of 1925, is in part as follows: "If either party during the progress of a cause is dissatisfied with any ruling, opinion, or other action of the court, he may except thereto at the time the said ruling is made, or announced or such

action taken, and at his request time shall be given to embody such exception in a written bill."

This article has been construed a number of times by the Courts of Civil Appeals and the Supreme Court. It has been held that a bill of exceptions does not present reversible error where the complaint is made of argument of counsel, where no objection was made to said argument at the time, and especially where no complaint was made in the motion for rehearing. See Galveston, H. & S. A. Ry. Co. v. Easton (Tex. Civ. App.) 257 S. W. 924, writ of error dismissed. We believe that the correct rule is as given in Re Ramon's Estate (Tex. Civ. App.) 20 S.W.(2d) 351, 352, where it is said: "There is nothing in the bill of exception concerning this transaction to negative the assumption that this argument was provoked by the argument of appellants' counsel, nor did appellants, * * * request the court to direct the jury to disregard it. Such a motion is incumbent upon a party complaining of an improper jury argument, *unless, indeed, the objectionable argument is of such inflammatory, prejudicial, and uncalled for nature as to be incurable by any instruction from the court, as is sometimes the case.*" (Italics ours.)

See Davis v. Kennedy (Tex. Civ. App.) 245 S. W. 259, 263 (writ of error dismissed), where the court said: "And we are not inclined to regard with favor the method of presenting objections to the improper argument as made under the circumstances of this case. As we have already said, the argument was made in the opening speech in the case. Defendant's counsel had ample opportunity, while the trial was still in progress, to call the court's attention to the matter without interrupting the argument and without running the chance of discrediting himself before the jury, which is sometimes said to be an excuse for failure to call the court's attention to an improper argument at the time it is made. Texas Central Railway Co. v. Pledger, 36 Tex. Civ. App. 248, 81 S. W. 755. The authorities are not altogether in accord in their statement of the rule as to the necessity of calling the court's attention to the argument or making objections at the time. The cases of Willis & Bro. v. McNeill, 57 Tex. 465, and Home Life & Accident Co. v. Jordan (Tex. Civ. App.) 231 S. W. 802, seem to support appellant's view of the rule. Other authorities announce the rule to be that it is necessary that objection be made at the time, or at least that the court's attention be in some manner called to the improper argument. Moore v. Moore, 73 Tex. 382, 11 S. W. 401, a decision of the old Commission of Appeals, approved by the Supreme Court; G., C. & S. F. Ry. Co. v. Brown, 16 Tex. Civ. App. 93, 40 S. W. 613; American Freehold Land & Mortgage Co. v. Brown, 54 Tex. Civ. App. 448, 118 S. W. 1109; Fordtran v. Stowers, 52 Tex. Civ. App. 226, 113 S. W. 635. In the last three decisions writs of er-

ror were denied by the Supreme Court. In this particular case the court could unquestionably, at any time before the retirement of the jury, have eliminated any possible harm that might have resulted from the improper argument, and we are of the opinion that the defendant, knowing of the error, and failing to take any steps to have it remedied, ought to be held to have taken his chances on the result."

For the reasons stated, we overrule this assignment.

■■ Objection is made to the argument of appellee's counsel in stating to the jury that the way the jury answered any one question might determine the lawsuit, and the way the jury answered any one question might determine the judgment rendered in the case. While it is certainly improper for counsel to state to the jury that the answer of the jury to any particular question, either in the affirmative or negative, would influence the judgment of the court, we do not think that a statement of counsel in argument that it was important for the jury to answer all the questions shows error in this case. Certainly it is important that the jury should answer each question, unless the answer to a certain question is determined by their answer to a former one. The trial court is necessarily vested with a large discretion in the matter of permitting, restraining or controlling argument, especially in the absence of objection at the time and his ruling in such cases will not be reviewed unless such discretion is abused. Floyd v. Fidelity Union Casualty Co., 13 S.W. (2d) 909, by the Waco Court of Civil Appeals, opinion by Chief Justice Gallagher. Therefore the fourth proposition is overruled.

■ The fifth proposition urges error in the argument of appellee's counsel as follows: "Gentlemen of the jury: Caesar had his Brutus; Miss Youngblood had Dr. Lyle and Dr. Snyder. I don't know much about doctors, and don't care so much for their testimony. It reminds me of the story of a young lawyer that was called up before the judges with reference to getting his license. One of the judges said: 'How many kinds of liars are there?' He said, 'Three.' The judge said 'Name them.' He said, 'There is the ordinary everyday liar; there is the damn liar; and there is the expert liar.' So I don't care much for expert testimony; they are just guessing, and these young doctors that come up here holding everything Doctor Murphy says out of date, all of these great doctors and surgeons—they are out of date. We know it all. Come up here and testify for $50.00 a day. I don't place much faith in their testimony, because it is just a guess, and a guess on the side that their bread is buttered on."

It is urged that appellant having complained that the verdict and judgment were excessive and the result of bias and prejudice on the part of the jury, it was prejudi-

cial error for appellee's counsel to make this argument and to tell the story contained in the argument, inasmuch as such argument in effect stated that appellant's witnesses Dr. Lyle and Dr. Snyder were expert liars and were perjuring themselves for $50 a day, and merely guessing on the side their bread was buttered on: This argument was not objected to at the time the argument was made, nor was any complaint made thereof in appellant's amended motion for a new trial. We do not think that under the circumstances error is shown.

■ The sixth proposition is that inasmuch as appellant complains that the verdict and judgment were excessive and the result of bias and prejudice on the part of the jury, that reversible error is shown in permitting appellee's counsel to make the following improper argument to the jury: "The defendant in this case is represented by two attorneys, sons of illustrious fathers who represented the railroads, and other big corporations, but I have picked cotton on the farm and earned my way through the university washing dishes and waiting on the table, and while it has not fallen to my lot to represent the railroads and other big corporations, when it comes my time to pass into the great Beyond I will do so secure in the thought that I have represented poor but honest people."

This argument was not objected to at the time it was made, nor in appellant's amended motion for rehearing; but we are of the opinion that such argument was reasonably calculated and probably did prejudicially influence the jury in finding a verdict for such a sum of money as was expressed in the verdict. But in view of the failure of appellant's counsel to object to the argument and to insert this ground in the motion for new trial, we overrule this proposition.

■ The seventh proposition is that the pleadings and evidence in the case raise the issue that the collision occurred as a result of an unavoidable accident, and the court submitted special issue No. 18 inquiring of the jury as follows: "Was the collision in question the result of an unavoidable accident? Answer, yes or no."

It is urged that the court should have charged the jury that the burden was upon the plaintiff to prove by a preponderance of the evidence, that is, by the greater weight of credible testimony, the negative of such special issue, and the failure of the court to so charge the jury is urged as reversible error. Objection was made to the charge for the reason that the burden of proof was on the plaintiff to show by a preponderance of the evidence the negative of said special issue. In Rosenthal Dry Goods Co. v. Hillebrandt (Tex. Com. App.) 7 S.W.(2d) 521 (Court of Civil Appeals opinion being published in 299 S. W. 665), the court said that the burden of showing that the accident was

caused by defendant's negligence and was not unavoidable rested on plaintiff. See Gulf, T. & W. Ry. Co. v. Dickey, 108 Tex. 126, 187 S. W. 184, in which it was held that where a charge was prejudicially erroneous, the refusal to reverse the judgment for error in substantive law was erroneous. Appellee urges that it was not error to fail to charge the jury as to the burden of proof in a case submitted on special issues, and cites such cases as Tarwater et al. v. Donley County State Bank, 277 S. W. 176, by the Amarillo Court of Civil Appeals, in which they cite the case of Stooksbury et al. v. Swan, 85 Tex. 563, 22 S. W. 963, 964, in which Judge Stayton, speaking for the Supreme Court, said: "In cases in which evidence is introduced by the respective parties, tending to prove and to disprove the issues of fact involved in a cause, occasion does not arise for declaration upon whom the burden of proof rests; for the question then becomes merely one of preponderance of evidence, which is for the decision of the jury, under all the evidence introduced, whether this be direct or circumstantial. In such cases a charge upon the burden of proof is more likely to mislead than to give a jury a correct view of their duties."

In Bernard's, Inc., v. Austin, 300 S. W. 256, 260, by the Dallas Court of Civil Appeals, it is said: "The case was submitted on special issues, and, from the very nature of the case, the evidence introduced by the respective parties was before the jury for all legal purposes, namely, to be considered by them in arriving at their answers to the questions submitted, and it was their duty to consider and give proper probative effect to all of the evidence introduced by the respective parties in arriving at a conclusion in reference to the respective issues submitted to them; it being the province of the jury, under such submission, to find the facts as established by the evidence adduced from a preponderance of all the evidence before them, and that without regard as to whether it was introduced by the appellant or appellee."

The court held in the cited case that no charge on the burden of proof was necessary. See Kuehn v. Kuehn (Tex. Civ. App.) 259 S. W. 290, writ of error dismissed; Davis v. Morrison (Tex. Civ. App.) 14 S.W.(2d) 296, 299, writ of error dismissed, where the court held: "We are of the opinion that, where a case is submitted on special issues, a charge on the burden of proof is not necessary, where the court, as here, asks the jury, in propounding a question, if they find the same on a preponderance of the evidence."

But we notice that in the instant case the question was not asked in the form it was in Davis v. Morrison, supra, and we are of the opinion that the court should have instructed the jury that the burden of proof was on plaintiff to establish the negative of said question, if unavoidable accident was in-

volved in this case, which some of us doubt.

The court submitted the issue to the jury as to whether Miss Youngblood, immediately prior to being struck by the truck, was in a perilous condition, and did the driver of the truck discover such perilous condition of Miss Youngblood immediately prior to striking her with his truck, and did said driver, after discovering such perilous condition of Miss Youngblood, if he did find that she was in a perilous condition, exercise ordinary care to use all the means at his hands [at his command] consistent with his own safety and the safety of his truck to avoid striking plaintiff. The court also inquired of the jury: Was the failure on the part of the driver of the truck to use all the means at his hands [command], consistent with his own safety and that of his truck, to avoid striking plaintiff, negligence, and was such negligence, if any, the proximate cause of the injuries, if any, sustained by Miss Youngblood? The complaint is that each and all of said special issues are too vague, general, and indefinite, and do not inquire of the jury when, where, at what time, and at what place the plaintiff was in a position of peril, and are merely of an evidentiary nature and suggestive and upon the weight of the evidence in assuming that plaintiff was in a position of peril which defendant's driver could have discovered in time to have stopped his truck. Appellant cites Northern Texas Traction Co. v. Weed, 300 S. W. 41, by the Commission of Appeals, and approved by the Supreme Court, as authority for its contention of error in this case. We have read the cited case and do not find any authority in it which would justify our sustaining this assignment. Therefore we overrule the tenth assignment as well as the ninth.

The twenty-fourth assignment is as follows: "The court erred in permitting plaintiff's witness, Dr. R. H. Needham, to testify on direct examination that, in his opinion, he did not believe that plaintiff, Miss Youngblood, had at any time misrepresented the fact to him or anyone else, concerning her condition, over defendant's objection that the question called for an opinion and conclusion as to whether or not the witness [plaintiff] was, or was not, telling the truth, and that inasmuch as there had been no attack on her credibility, it was improper for the witness to give an opinion as to whether or not the plaintiff was telling the truth, all of which is more fully shown by defendant's bill of exception No. 9."

This question asked Dr. Needham was objected to by counsel for appellant on the ground that said question called for an opinion as to whether or not, in the opinion of the witness, the plaintiff told the truth about her injuries and symptoms. There was no attack on the credibility of the plaintiff, and this was not a proper way of bolstering up the testimony of said plaintiff. We are of the opinion that said question was improper, and that the proposition should be sustained.

All other propositions not herein discussed are overruled.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded.