## HOUSTON ELECTRIC CO. v. MONTGOMERY et al.

### No. 10651.

Court of Civil Appeals of Texas. Galveston.

Nov. 23, 1938.

Rehearing Denied Jan. 19, 1939.

Palmer Hutcheson and J. C. Hutcheson, III, both of Houston (Baker, Botts, Andrews & Wharton, of Houston, of counsel), for appellant.

Allen, Helm & Jacobs and W. S. Jacobs, Jr., all of Houston, for appellees.

GRAVES, Justice.

This appeal is from a judgment of the 80th District Court of Harris County— entered in response to a jury's verdict on special issues—awarding the appellees, in different capacities, an aggregate of $11,-855.50 in damages against the appellant as for its negligent infliction of personal injuries upon the minor appellee, M. M. Montgomery, Jr., in a collision on Harrisburg Boulevard in the City of Houston on July 27 of 1934, between the appellant's bus and a bicycle upon which such minor was then riding.

While under the pleadings and testimony the trial court submitted many issues as to alleged original negligence upon the appellant's part, as well as like contributory negligence charged against the boy, it also fully submitted detailed inquiries upon the further claim of the appellees that the bus driver had discovered and realized the boy's peril as the two vehicles approached each other in opposite directions upon the Boulevard in time to have prevented the collision, if he had exercised ordinary care and had used the means at hand available for that purpose, but that, instead, he had failed to so act and had run the boy down, to his injury; in turn, the appellant contested this added declaration of liability against it by both pleading and testimony.

■ Under such state of the pleadings, on the coming in of the testimony for both sides, the issue of discovered peril as so declared upon on the one side, and combatted upon the other, became the only one applicable to the developed facts of the cause; that being so, the learned trial court erred in so submitting the issues seeking to elicit whether or 'not there had been such claimed primary negligence or contributory negligence, and should have restricted the jury questions to the superimposed issue of whether or not the injury had resulted from appellant's failure to meet that new duty, as so charged against it; in other words, the new issue of discovered peril superseded and rendered immaterial the foregoing ones. Galveston, H. & H. R. Co. v. Sloman, Tex. Civ.App., 195 S.W. 321(1), writ of error denied; Texas & P. Ry. Co. v. Breadow, 90 Tex. 26, 30, 36 S.W. 410, 412; Galveston, H. & H. R. Co. v. Sloman, Tex.Civ. App., 244 S.W. 268, writ of error denied; Young v. Massey, Tex.Civ.App., 95 S.W. 2d 542, column 2, page 549, and cited authorities.

■ On this appeal it is accordingly determined that this judgment must stand or fall upon whether or not it properly followed from the pleadings, evidence, and findings upon the question of discovered peril; this Court concludes that it did not, but that, on the contrary, there was an irreconcilable conflict between the jury's findings upon that issue alone, which requires a reversal.

■ While the appellant makes earnest contention against the sufficiency of either the pleading or proof, or the evidence, to even raise that issue, having objected in the trial court to each procedural step as well looking to the submission of it to the jury, it is concluded that none of these protests were well taken—that, on the contrary, the pleadings and proof of the appellees not only properly raised that as a material issue for the jury, but, as indicated, that it became the exclusive one for its determination, on the coming in of all the evidence.

Without extended discussion, it is deemed enough in this connection to say that the pleading of appellees on this feature met the three essential requirements laid down in such holdings as Baker v. Shafter, Tex. Com.App., 231 S.W. 349, it being as follows:

"The injuries to the minor plaintiff and damages sustained by the plaintiffs were proximately caused by the *negligence* of the defendant, Houston Electric Company, acting by and through its agent, servant and employee, who was driving and operating the bus aforesaid, and who was *guilty of negligence* in each and all of the particulars hereinafter alleged, towit: * * *

" '(j) After discovering the perilous position of the minor plaintiff, M. M. Montgomery, Jr., which the bus driver actually discovered and realized *within such time and distance* that by the exercise of all the means at his control consistent with his safety, and that of the bus and its passengers, he could have exercised such means and avoided the collision, the bus driver failed to exercise all of such means to avoid the collision.'

"Each and all of the aforesaid acts of *negligence* on the part of the driver of defendant's bus, individually and concurrently, proximately caused the injuries and damage herein complained of, and each and all of said *acts of negligence* were committed by the said agent, servant and employee of the defendant, Houston Electric Company, while acting within the scope and course of his employment, and in the furtherance of the business of the said defendant."

The italics are added here, to emphasize the discriminatingly stated details in which the declaration is thought to meet the cited essentials.

The testimony also having raised the matters of fact so averred, they were submitted to the jury under these five inquiries:

"(15) Do you find from a preponderance of the evidence that prior to the collision M. M. Montgomery, Jr., was in a perilous position?

"(16) Do you find from a preponderance of the evidence that the bus driver discovered that M. M. Montgomery, Jr., was in a perilous position?

"(17) Do you find from a preponderance of the evidence that the bus driver discovered the peril of M. M. Montgomery, Jr., within such time and distance as that by the exercise of ordinary care in the use of all the means at his command, consistent with the safety of himself, his passengers and his bus, he could have avoided the collision?

"(18) Do you find from a preponderance of the evidence that the failure of the bus driver to exercise all of such means was negligence as that term is herein defined?

"(19) Do you find from a preponderance of the evidence that such negligence was a proximate cause of the injuries, if any, sustained by M. M. Montgomery, Jr.?"

Each of these issues was answered, "We do".

However, the learned trial court on this same subject further submitted these two inquiries, among others, to-wit:

"Special Issue No. 22. Do you find from a preponderance of the evidence that immediately prior to the collision in question the minor plaintiff, M. M. Montgomery, Jr., suddenly turned his bicycle to his right?"

"Special Issue No. 31. Do you find from a preponderance of the evidence that M. M. Montgomery, Jr., failed to give any warning of his intention to make such turn, before making the turn?"

Each of these issues was likewise answered, "We do."

■ The cause was tried on the theory that the minor boy, who was 13 years old, "was riding his bicycle in a westerly direction along the south of Harrisburg Boulevard in the City of Houston, Harris County, Texas, when a large heavy bus used for the transportation of passengers and owned by the defendant, Houston Electric Company, * * * was being driven in an easterly direction along the said south side of Harrisburg Boulevard", and that the collision was a head-on one between the vehicles so moving toward each other from opposite directions; indeed, this statement of the boy's position is quoted from the appellees' trial petition, hence they are bound thereby and cannot on appeal change to a different theory. 3 Texas Digest, Appeal and Error ■■■ and cited authorities.

Not only so, but the learned trial court so interpreted and appraised the issues and couched its 21st issue to the jury, inquiring about whether or not the boy's act was a proximate cause of the collision, in this language: "Special Issue No. 21. Do you find from a preponderance of the evidence that the act of the minor plaintiff, M. M. Montgomery, Jr., in riding his bicycle in a westerly direction on the south side of the center line of Harrisburg Boulevard, immediately prior to the accident, was a proximate cause of the collision, as that term is hereinbefore defined to you."

It is true that inquiry, relating as it did to primary negligence, became immaterial under the overshadowing influence of discovered peril, but it showed the stated theory upon which the cause was tried in which—in addition to their pleading of the same thing—the appellees further acquiesced by not objecting to it.

■ So that, appraising the findings upon discovered peril alone, the necessary effect of those under quoted issues 15 to 19, inclusive, is that the boy's peril was discovered by the bus driver "within such time and distance as that, by the exercise of ordinary care in the use of all the means at his command, consistent with the safety of himself, his passengers and his bus, he could have avoided the collision", whereas under 22 and 31, it is that while so riding his bicycle in a westerly direction on the south side of the center line of Harrisburg Boulevard, immediately prior to the collision he suddenly turned it to the right, without having given any warning of his intention to do so before making such turn—two directly antagonistic determinations, that there was time for the bus driver to have prevented the collision, and that there was not such time.

The other questions discussed in the briefs may not arise upon another trial; it is accordingly deemed unnecessary to discuss them.

Judgment reversed, and cause remanded.

## On Motion for Rehearing.

PER CURIAM.

The appellees have filed, and both sides have ably orally argued, a motion for rehearing in this cause; but after painstaking consideration of it, the Court is constrained to adhere to its former determination, amending its original opinion only by the interlineation of the words "immediately prior to the collision", at line 24, column 2, page 945, of 123 S.W.2d 943; as applicable to the facts here presented, the holding in Dallas Ry. & Terminal Co. v. Bankston, Tex.Com.App., 51 S.W.2d 304, at page 308, as well as those in all the other cases originally cited, fully sustain our conclusion upon the dominating character of the issue of discovered peril in such instances.

Furthermore, the very recent case by the Supreme Court, Texas Motor Coaches v.

946

Palmer, 121 S.W.2d 323, is direct authority in support of our further determination that there was a conflict in the findings upon that issue.

Motion for rehearing is overruled.

Overruled.