## PURE OIL CO. et al. v. CRABB.
### No. 11141.

Court of Civil Appeals of Texas. Galveston.
May 22, 1941.

Rehearing Denied June 12, 1941.

Vinson, Elkins, Weems & Francis, C. E. Bryson, and Gene M. Woodfin, all of Houston, for appellant Pure Oil Co.

Sam W. Davis, of Houston, for appellant E. C. Allen.

Thornton & Markwell, of Galveston, and Allen, Helm & Jacobs, of Houston (Russel H. Markwell, of Galveston, and Wm. States Jacobs, Jr., of Houston, of counsel), for appellee.

GRAVES, Justice.

This appeal is from a $25,000 judgment, entered by the 127th District Court of Harris County, on the pleadings, the evidence, and the verdict of a jury on 67 special issues submitted, in favor of the appellee, Ben Crabb, against the appellants, The Pure Oil Company and E. C. Allen, jointly and severally, as compensation found to be due him from them for personal injuries negligently inflicted upon him by them, on November 18 of 1938, at or near the intersection of Thompson and Cedar Bayou Roads in Harris County, in a collision between Crabb's automobile, driven by himself, and a truck owned by the Pure Oil Company and driven by E. C. Allen, its alter ego in the operation thereof at that time and place.

Irrespective of the detailed findings referred to, the undisputed evidence showed the Cedar Bayou Road to be running east and west, and the Thompson to have come into it from the north; that Crabb approached their intersection from a road to the south, which also, along a northeast and southwest curve, joined Cedar Bayou about opposite the western half of Thompson's intersection with it, en route north to his home via Thompson Road; while Allen, on the other hand, with his truck, came from the east along the Cedar Bayou Road towards Houston on the west; that the collision occurred just as dark was coming on, a pipe lashed to the left front-side of the truck and protruding ahead of it having struck the right side of appellee's car about where the windshield joined its hood, piercing the car, knocking it into the ditch, and shattering the appellee's knee; further, that appellee's wife and three small children were accompanying him, while appellant Allen's wife was likewise with him.

From the great number of issues so submitted, the jury, as indicated, found all controlling inquiries—both as to primary negligence and as to the ensuing discovered peril the court also submitted—favorably to the appellee, a substantially complete summary of the findings as a whole being thus quoted from the appellee's brief, to-wit:

"(1) The defendants' truck was driven in excess of 40 miles per hour.

"(2) Such driving was a proximate cause of the injuries.

"(3) The truck was driven in excess of 45 miles per hour.

"(4) Such speed was a proximate cause of the injuries.

"(5) The truck driver failed to keep a proper lookout.

"(6) Such failure was negligence.

"(7) Such negligence was a proximate cause of the injuries.

"(8) The truck driver failed to keep his truck under proper control.

"(9) Such failure was negligence.

"(10) Such negligence was a proximate cause of the injuries.

"(11) The truck driver could have turned the truck so as to avoid the collision.

"(12) He failed to turn so as to avoid the collision.

"(13) Such failure was negligence.

"(14) Such negligence was a proximate cause of the injuries.

"(15) The plaintiff's car started across the intersection before the defendant's truck entered the intersection.

"(16) At the time he started across the intersection, the plaintiff found no one approaching from his right at such distance as reasonably to indicate danger of collision.

"(17) The failure of the defendant's driver to yield the right of way to the plaintiff was negligence.

"(18) Such negligence was a proximate cause of the injuries.

"(19) 'In crossing the Cedar Bayou Road' the plaintiff was in a position of peril.

"(20) The truck driver, at the time in question, discovered such peril.

"(21) The truck driver realized that the plaintiff probably could not or would not extricate himself therefrom in time to avoid injury.

"(22) He discovered such peril within such time and distance that by the exercise of ordinary care in the use of all the means at his command, consistent with his safety and that of his truck and its occupants, he could have avoided the collision.

"(23) He failed to exercise ordinary care to use all of such means to avoid injury to the plaintiff.

"(24) Such failure was a proximate cause of the injuries.

"(25) The injuries were not the result of an unavoidable accident.

"(26) The plaintiff did not fail to keep a proper lookout.

"(29) The plaintiff drove across the Cedar Bayou Road west of where the center line of the Thompson Road if projected south would intersect the center line of the Cedar Bayou Road.

"(29-a) Such driving was not a proximate cause of his injuries.

"(30) Such driving was not negligence.

"(32) The plaintiff in crossing the Cedar Bayou Road did not intend to turn to his left.

"(33-a) The plaintiff in entering the intersection failed to drive on the right hand side of the Thompson Road and to the south of the center of the intersection until he passed the same.

"(33-b) Such failure was not a proximate cause of his injuries.

"(38) Before the plaintiff entered the intersection he did not see the truck of the defendant Allen approaching such intersection from his right within such distance as reasonably to indicate danger of collision.

"(41) The plaintiff, in the exercise of ordinary care, should not have known that the defendant Allen approaching from the right would probably act upon the belief that he, Ben Crabb, would yield the right of way to the defendant.

"(46) As the plaintiff drove upon the intersection he could not have slowed his car to such a speed as to have avoided the collision.

"(50) As the plaintiff drove across the intersection he did not operate his car at a greater rate of speed than a person of ordinary prudence would have operated it under the same or similar circumstances.

"(53) After the plaintiff started his car across the Cedar Bayou Road he could not have stopped the same in time to have avoided the collision.

"(57) Prior to the time the plaintiff drove across the Cedar Bayou Road, his wife could not have signaled with her hand so as to show the defendant's driver that the plaintiff intended to drive across such road.

"(60) Immediately before the plaintiff drove across the Cedar Bayou Road his wife knew of the approach of the defendant's truck.

"(61) Immediately before the plaintiff drove across the Cedar Bayou Road his wife failed to warn him of the approach of the truck.

"(62) Such failure was not negligence.

"(64) The plaintiff's wife did not fail to keep a proper lookout.

"(67) $25,000.00 would fairly and reasonably compensate plaintiff for his damages."

■ At the outset, after a careful review of the statement of facts—at least in all respects wherein that labor has been properly invoked by either of the parties—this court has found no lack of sufficient support in the testimony for any of the stated findings; they must, therefore, be regarded on appeal as reflecting the developed facts over the whole controversy.

The main ones of appellants' 9 major contentions here may, in outline at least, be thus epitomized, after the manner of their own brief:

"(1) Under the testimony of the plaintiff, by which he is conclusively bound, and under the uncontradicted proof, as well as that which is conclusively established by the physical facts surrounding the collision, the plaintiff, Ben Crabb, was guilty of several distinct acts of negligence as a matter of law (even the jury found him negligent in two respects), and such negligence was the proximate cause of his injuries as a matter of law; therefore, the appellee cannot recover by reason of any alleged primary acts of negligence on the part of the defendants;

"(2) Under the plaintiff's own testimony by which he is conclusively bound, as well as the undisputed evidence and the physical facts which cannot be disputed, there is no liability under the doctrine of discovered peril, for the obvious reason that there is no basis in the proof for the application of such doctrine.

"(3) There is no basis in the pleadings to support the judgment here rendered against these defendants—this for the reason that the specific acts of negligence alleged, and that each of such acts was a proximate cause of the plaintiff's injuries, are so inconsistent and contradictory as to have the legal effect—the same not having been pled in the alternative or in separate counts—of nullifying all of said allegations of negligence, as well as of proximate cause;

"(4) The trial court committed many errors in the submission of the defendants' issues of contributory negligence on the part of plaintiff and his wife, as well as in the refusal to give to the jury certain requested issues, raised by the proof, relative to plaintiff's negligence, and as to

whether such negligence was a proximate cause of the plaintiff's injuries;

"(5) While, in face of the uncontradicted proof and the physical facts, the issue of discovered peril was not raised, the trial court committed in the attempt to submit that question errors, which, if we understand the well-established rules of law governing such matters, require a reversal and remand of this case;

"(6) These appellants further contend that this case must be reversed and remanded by reason of the misconduct on the part of counsel for plaintiff and their arguments to the jury, which misconduct was fully developed by appellants' propositions Nos. 34–38, inclusive;

"(7) The verdict in this case is highly excessive, and on its face it shows that the same was rendered as the result of bias and prejudice against these appellants;

"(8) This case should be reversed on account of the court's permitting the jury to consider testimony not legally admissible on controlling issues, as well as by reason of the refusal of the court to give proper definitions with respect to certain issues;

"(9) There are other independent grounds of reversal, which are brought forward in appellants' brief in their propositions numbered 4-a, 13, 32, and 33."

■ None of these presentments, it is determined, in the state of this record, should be sustained; the claim for contributory negligence as a matter of law, whether applicable to primary acts of the appellee—that is, before his stop in the intersection just short of the pavement on the south line of Cedar Bayou Road, or his starting on across toward the mouth of Thompson Road after such stop—is thought to be inept, as well as contrary to the jury's quoted findings, on sufficient evidence, in that it loses sight of these conclusively, if not undisputedly, shown features, to-wit:

(1) By the geographical situation adverted to appellee's normal, as well as permissible, course along the curve leading into the south side of Cedar Bayou Road—before entering which he stopped and saw the appellants' truck approaching, at an unknown speed, two or three blocks to his right—in order to reach his objective on the east side of Thompson Road, was northeast rather than abruptly to the east along

the south side of Cedar Bayou Road, as appellants insist;

(2) By the testimony of the participants in the collision in both cars, the appellee in fact pursued that northeast course in a straight line, without shadow of turning to the left, from the time he first entered Cedar Bayou Road until the actual collision;

(3) That being the indisputable showing in the record, it is obvious that all inquiries as to whether or not appellee may have intended to, at some time along that course, turn to the left—of which there is no evidence—become immaterial and pass out of the case;

(4) As affects his secondary act, after so stopping just short of the paving line along Cedar Bayou Road, it seems equally clear that he still had a right to continue that northeast course—even if his position then was slightly west of the intersection involved—if, after again looking to his right, he saw the truck some 120 feet or more to his right, thereby giving him a reasonable chance to get across that pavement ahead of it;

(5) It likewise indisputably appearing that both participants in the misfortune saw each other before either entered the intersection, which was a wide, open, clear one, with no other cars than their two upon it, nor any obstructions to the view of either, so that, whether the appellee's position became one of peril from the time he first entered upon the intersection, or only after his starting on after so stopping, under the pleadings, evidence, and findings, it at all events finally became one; wherefore, the trial court's theory to that effect was correct, and thereafter the issues were reduced to one alone as to whether the appellants had met the new duties that relationship imposed upon them;

(6) Under the pleadings, the proof, and the findings, this court is unable to find an exculpatory explanation of why the truck driver, after so seeing the appellee again start across on his same course after his stop in the intersection, admittedly made no effort to stop, blow his horn, turn to the left, or again slacken his speed, when the appellee was then shown to have been some 120 feet or more distant and so nearly across the intersection that a very slight deflection to the left would have missed his car entirely;

(7) Especially so, when it did undisputedly appear that after that moment he slapped on his brakes, and skidded for about 46 feet along his same course, without injury to his truck or himself.

Under these developed facts, as so matured into this verdict, it would seem to this court profitless to quibble over which of the parties had the right-of-way near the center of that intersection—at least after the appellee's stop therein—as well as whether or not the appellee had violated Penal Code, Article 801(k), by having so stopped, perhaps slightly on the left of the intersection center, and like considerations; this for the reason that, the several privileges of parties approaching each other on the public highway as to the right-of-way—as well as under the doctrine of discovered peril when applicable to their relationship—have now been well settled in our law. As applicable in this instance, such questions seem to finally get down to these two:

(1) Whether the appellee, in the circumstances, had the right to start on toward his objective in Thompson Road, after having so stopped in Cedar Bayou Road, at all;

(2) Whether the appellants, after seeing him so start on, not only realized he was in a position of peril from which he probably would not or could not extricate himself, but also failed to properly use all the means at their command to avoid running him down—at a time when, by using such means, they might have averted that, without endangering themselves.

[3] The law as to the first of these ultimate inquiries, the essential basis for the application of which was laid in the language of the special issues submitted, was thus declared by this court in Roddy v. Herren, Tex.Civ.App., 125 S.W.2d 1057, 1060: "A driver of an automobile approaching a street intersection, finding no one approaching from the right within such distance as to reasonably indicate danger of collision, may proceed."

See, also, Jimmie Guest Motor Co. v. Olcott, Tex.Civ.App., 26 S.W.2d 373, error dismissed; Safety First Bus Co. v. Skibinski, Tex.Civ.App., 36 S.W.2d 288; Reverra-Fewell Undertaking Co. v. James, Tex.Civ.App., 13 S.W.2d 464; American Grocery Co. v. Abraham, Tex.Civ.App., 94 S.W.2d 1231, error dismissed; Norris

v. Mattinson, Tex.Civ.App., 145 S.W.2d 204; Texas & N. O. R. Co. v. Crow, 121 Tex. 346, 48 S.W.2d 1106; Houston Electric Co. v. Settle, Tex.Civ.App., 51 S.W. 2d 648, error dismissed.

■ The authorities ruling the second one, and bringing findings Nos. 19 to 24, inclusive, supra, within the approved law of discovered peril, may be collated as follows: Baker v. Shafter, Tex.Com.App., 231 S.W. 349; Gulf Refining Co. v. Young-blood, Tex.Civ.App., 23 S.W.2d 522; Houston E. & W. T. R. Co. v. Kopinitsch, 114 Tex. 367, 268 S.W. 923; Hines v. Arrant, Tex.Civ.App., 225 S.W. 767, error refused; Galveston, H. & S. A. R. Co. v. Wagner, Tex.Com.App., 298 S.W. 552; Sanchez v. San Antonio & A. P. Railway Co., 88 Tex. 117, 30 S.W. 431; Trochta v. Missouri, K. & T. R. Co., Tex. Com.App., 218 S.W. 1038; Burlington-Rock Island R. Co. v. Davis, Tex.Civ.App., 123 S.W.2d 1002, error dismissed; Cantu v. South Texas, etc., Tex.Civ.App., 110 S.W.2d 995; Houston Electric Co. v. Montgomery, 135 Tex. 538, 123 S.W.2d 943.

The challenges made as to the sufficiency of both the pleadings and the evidence to support this judgment are overruled without extended discussion; as affects the evidence, they have already been adversely determined by the holding that the verdict in its entirety is sufficiently supported; the pleadings, too, it is thought, are obviously not obnoxious to the objections that their several parts nullified each other, both as to the averments of negligence against the appellants and as to their having constituted a proximate cause of the injuries to the appellee; to the contrary, these pleadings alleged the facts declared upon as constituting the cause of action, specifically described the intersection as the scene of the accident, the cars involved, the precise way the collision was claimed to have occurred, and the various detailed acts of the appellants giving rise to the negligence charged against them; to the extent that, when construed as a whole, they neither amount to contradictions nor mere conclusions. Metzger v. Gambill, Tex.Civ.App., 37 S.W.2d 1077, error refused; Phoenix Refining Co. v. Walker, Tex.Civ.App., 108 S.W.2d 323, error dismissed; Cantu v. South Texas, etc., Tex. Civ.App., 110 S.W.2d 995; Northern Texas Traction Co. v. Weed, Tex.Com.App.,

300 S.W. 41; St. Louis, B. & M. R. Co. v. Cole, Tex.Com.App., 14 S.W.2d 1024; Houston E. & W. T. R. Co. v. Sherman, Tex.Com.App., 42 S.W.2d 241.

How the learned trial court could have been more thorough in a cross-examination of the jury on all material phases of this controversy (and some immaterial ones) does not readily occur; since his theory of the issues raised by the pleadings and evidence has already been approved, the contentions that he should neither have submitted—in the manner and form he did—the appellants' issues touching contributory negligence upon the part of appellee and his wife, nor refused to give many other issues requested by them on the same subject, are overruled as not having pointed out prejudicial error in the circumstances.

This court has painstakingly examined the challenged arguments of appellee's attorneys to the jury, presented under appellants' propositions Nos. 34 to 38, inclusive, as having been so improper and prejudicial as required a reversal on that account, with the conclusion that none of them may be so properly classified.

■ There was nothing inflammatory, no appeal to prejudices, no invidious comparisons between the rich and the poor, no urging that punishment must be visited on the appellants, nor pity taken upon the appellee, no attempts to themselves testify, and, finally, no misstatement of either the law or the evidence, in any of them; they do discuss the issues in groups, express counsels' own opinions from the evidence as to how they should be answered, comment upon the credibility of the various witnesses who testified, criticise what they claimed to be misstatements of the law before the jury by appellants' counsel, as well as reply to the arguments of appellants' counsel to the effect that, in approaching the intersection on their right-hand side of the road, appellants had such absolute right-of-way as relieved them from negligence. These authorities are cited as supporting the harmlessness of such arguments: Dallas Ry. & Terminal Co. v. Bankston, Tex.Com.App., 51 S.W. 2d 304; International-Great Northern R. Co. v. Pence, Tex.Civ.App., 113 S.W.2d, 206, error dismissed; Newlin v. Smith, Tex.Civ.App., 142 S.W.2d 610; Imperial Underwriters v. Dillard, Tex.Civ.App.,

146 S.W.2d 1105; E. L. Martin, Inc., v. Kyser, Tex.Civ.App., 104 S.W.2d 592; Galveston, H. & S. A. R. Co. v. Harling, Tex.Com.App., 260 S.W. 1016; Levy v. Rogers, Tex.Civ.App., 75 S.W.2d 304, error dismissed; Miller v. Wyrick, Tex.Civ. App., 96 S.W.2d 253; St. Louis, etc., v. Lowry, Tex.Civ.App., 119 S.W.2d 130, error dismissed.

Lastly, the $25,000 verdict rendered in the circumstances appearing is not considered to be so shocking to the appellate conscience as to require its being set aside, either in whole or in part; on the contrary, it is considered no more than a fair and reasonable compensation for the injuries suffered by the appellee, when the nature, extent, and permanency of his disablement, together with the inevitable future loss and suffering to him, is taken into consideration; it would be beyond the requirements that these details be elaborated upon, since all the facts, in a most searching examination touching them, were before the trial court and jury, and their estimate is not shown here to have in any respect been improperly arrived at. This brief summary of his resulting condition, taken from the appellee's brief, is not in any way considered an overstatement, to-wit: "Ben Crabb, an uneducated man, trained only to do work requiring the use of his body, will never work again. He can do less work than if he had an artificial leg. At the time his livelihood was taken away from him by the negligence of the defendant, he was earning from $165.-00 to $170.00 per month, and would have continued to so earn for many years. There is every reason to think that his earning capacity would have increased. But for his accident, it is reasonable to suppose that Ben Crabb would have worked for at least 20 more years, during which time, had his salary remained $160.-00 per month, he would have earned approximately $40,000.00. He suffered the most intense agony and pain from the date of the accident, being November 25, 1938, to the date of the trial, on March 11, 1940, and it appears from medical testimony and the testimony of lay witnesses he will continue to so suffer." 3 Tex.Jur., p. 1180; Texas & N. O. R. Co. v. Haney, Tex.Civ.App., 144 S.W.2d 677, error dismissed; Galveston, H. & S. A. R. Co. v. Andrews, Tex.Civ.App., 291 S.W. 590, error dismissed; American Nat. Ins. Co. v. Nussbaum, Tex.Civ.App., 230 S.W. 1102, error dismissed; St. Louis, S. F. & T. R. Co. v. Wilson, Tex.Civ.App., 262 S.W. 1074; El Paso Elec. R. Co. v. Allen, Tex. Civ.App., 208 S.W. 739, error refused; Freeman v. McElroy, Tex.Civ.App., 149 S.W. 428, error refused; Texarkana & Ft. S. Ry. Co. v. Toliver, 37 Tex.Civ.App. 437, 84 S.W. 375, error refused; Galveston, H. & S. A. R. Co. v. Hynes, 21 Tex.Civ. App. 34, 50 S.W. 624, error refused; Wilson v. Freeman, 108 Tex. 121, 185 S.W. 993, Ann.Cas.1918D, 1203.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.